**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| |
|---|
| JOSEPH GUY, |
| *Petitioner*, |
| v. |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, |
| *Respondent.* |

Case No. 1:26-mc-00008

**RESPONDENT'S OPPOSITION TO JOSEPH GUY'S EMERGENCY MOTION**
**TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Respondent American Federation of Government Employees is one of the Plaintiffs in the case from which this matter arises, which is pending in the U.S. District Court for the Northern District of California. *AFGE v. Trump*, No. 03:25-cv-03698-SI (N.D. Cal.) (Judge Susan Illston). Respondent opposes Joseph Guy's emergency motion, which is not actually a motion to quash a subpoena but instead an improper collateral attack on orders issued by the Northern District of California in that case.

Joseph Guy is a former Deputy Chief of Staff for the Department of Homeland Security and was Chief of Staff to a special envoy at the Department of State until late last week. Mr. Guy appeared for a deposition in the Northern District of California case on Monday, May 4, 2026. His attendance at that deposition was compelled by several recent court orders by the Northern District of California. The Northern District of California has also issued several orders on the preservation and production of responsive government records and official agency communications that are on Mr. Guy's personal phone.

On Tuesday this week, the Northern District of California ordered Mr. Guy to appear for a half-day continuation of his deposition on the afternoon of Friday, May 8, 2026. That court

1

issued that order because of deposition testimony by Mr. Guy on Monday that revealed that he took actions late last week that resulted in the loss of data from the Signal application on his personal phone, which he had used to communicate about DHS and FEMA business with other federal employees. The Northern District of California issued the order requiring Mr. Guy to appear for a continued deposition after considering objections by Mr. Guy's personal counsel at a hearing.

Seeking to avoid appearing for the continuation of his deposition and to avoid any further questioning about the loss of evidence, Mr. Guy now moves in this Court for an emergency order to "quash" and for a protective order. But what Mr. Guy's motion really seeks to quash is not a subpoena, but orders issued by another court. Mr. Guy's motion should be denied as a meritless request for one district court to review and reverse the orders of another district court. The relief that Mr. Guy seeks would require this Court to nullify the Northern District of California's direct order that Mr. Guy appear on Friday, to second-guess that court's determination that a prior subpoena was properly served, and to issue collateral protective orders and enjoin further action by another court. This Court cannot entertain such collateral attacks on the Northern District of California's orders and cannot "quash" another federal court's orders.

This Court should summarily deny this motion, which is not a proper motion to quash but rather a request that one district court sit in review of another. Alternatively, to the extent this Court understands the motion as properly brought under Federal Rule of Civil Procedure 45, this Court should exercise its authority under Rule 45(f) to transfer this motion to Judge Illston in the Northern District of California, who is in the best position to resolve this dispute.

## BACKGROUND

This matter arises from litigation in the Northern District of California before Judge Susan Illston. *AFGE v. Trump*, No. 3:25-cv-03698-SI (N.D. Cal.). Judge Illston has significant familiarity with the issues raised in Mr. Guy's motion because she has issued multiple orders directing Mr. Guy to appear for his deposition and directing the preservation and production of official government agency communications by Mr. Guy.

On January 27, 2026, Plaintiffs in that action filed a supplemental complaint challenging unlawful actions by DHS to implement staffing reductions at the Federal Emergency Management Agency.  *AFGE*, ECF 290-1.  Plaintiffs filed a motion for a temporary restraining order that was converted into a preliminary injunction motion.  *AFGE*, ECF 301, 304.

Judge Illston found that at the preliminary injunction hearing, "defense counsel [from the U.S. Department of Justice] presented a version of the facts markedly different from what is contained in the sworn declaration by" the government's sole declarant, the top official at FEMA.  *AFGE*, ECF 321 at 1.  Judge Illston therefore ordered expedited discovery to resolve the factual disputes that bear on Plaintiffs' preliminary injunction motion.  *Id.*  Among Judge Illston's orders was that Defendants identify the people who were involved in the challenged decisions about FEMA personnel.  *Id.* at 2.  Defendants identified Joseph Guy, then-Deputy Chief of Staff at DHS, as one of three DHS officials involved in the challenged decisions.  *AFGE*, ECF 327-1.

After document discovery and testimony by other persons confirmed that Mr. Guy had knowledge about the challenged decisions, Plaintiffs sought Mr. Guy's deposition.  *AFGE*, ECF 350 at 4, 6–9, 13–15.  Plaintiffs first served Defendants with a deposition notice for Mr. Guy on April 10, 2026.  *AFGE*, ECF 350 at 15 & n.14, ECF 350-1 at 3–4.  By that time, Mr. Guy had moved from DHS to the State Department, which is another federal agency Defendant in the case before Judge Illston.  Defendants objected to continued discovery but agreed that Mr. Guy would be available for a deposition on April 30, 2026 if Judge Illston allowed the deposition.  *AFGE*, ECF 350-1 at 692–94.  Judge Illston decided to allow discovery to continue and ordered that Mr. Guy's deposition "shall take place the week of April 27, 2026 or the following week."  *AFGE*, ECF 351 at 1–2.

Based on evidence that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA," including through disappearing messages on the Signal application, Judge Illston also ordered Defendants to produce responsive communications from personal phones used for government business by no later than April 29,

3

2026. *AFGE*, ECF 351 at 4. After Judge Illston issued this order, Plaintiffs conferred with Defendants about Mr. Guy's availability. Hoshijima Decl. ¶ 13. Defendants' counsel confirmed Mr. Guy's availability on the week of May 4 to 8. *Id.*

On the evening of Friday, April 24, 2026, Defendants informed Plaintiffs that "Mr. Guy is imminently departing from the State Department, and his final day of federal employment is Thursday, April 30." *AFGE*, ECF 356-2 at 7. Defendants told Plaintiffs that "the only means for Plaintiffs to compel his attendance at a deposition after April 30 would be through service of a subpoena under Rule 45." *Id.*

On the morning of Monday, April 27, 2026, Plaintiffs served Mr. Guy, through counsel for Defendants, with both a revised deposition notice for May 4, 2026, and given counsel for Defendants' representations, also with a Rule 45 subpoena requiring Mr. Guy to appear for a May 4, 2026 deposition. *AFGE*, ECF 356-2 at 5–6. Plaintiffs stated: "Given that he currently remains an employee of a Defendant, we believe the revised notice of deposition pursuant to Rule 30 is sufficient. However, in light of your request, we have also attached a Rule 45 subpoena and accompanying notice." *Id.* at 6.

The parties disputed whether Plaintiffs had properly served a high-level government official who was then employed by one of the Defendant agencies through counsel for the Defendant agency. Plaintiffs and Defendants presented the dispute to Judge Illston, *AFGE*, ECF 356 at 2, and Judge Illston ordered Defendants to "accept service of Guy's deposition notice," *AFGE*, ECF 358 at 2. After Defendants again refused to acknowledge service, *AFGE*, ECF 360 at 1–2, Judge Illston issued a further order establishing the following:

> This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is ORDERED to appear for his deposition on May 4, 2026.

*AFGE*, ECF 362 at 1. With respect to production of official government communications on Mr. Guy's personal phone, Judge Illston found Defendants' searches to be inadequate and ordered another search prior to his deposition. *AFGE*, ECF 358 at 1, ECF 362 at 1–2.

4

Mr. Guy appeared for his deposition on May 4, 2026.  He was represented by private personal counsel, Jason Greaves, and counsel for Defendants also appeared.  Hoshijima Decl. ¶ 20.  Mr. Guy indicated that government counsel failed to provide him with a copy of the subpoena while he remained employed by Defendants, but he admitted that he had actual notice of Judge Illston's' orders requiring him to appear.  *Id.*  During the deposition, Mr. Guy testified that his personal phone had dozens of FEMA-related Signal group chats with other government employees and that he had performed operations on his phone that had recently led to the destruction of data on the Signal application.  *Id.* ¶ 21.  Plaintiffs sought further relief from Judge Illston, including the further production of documents and continuation of the deposition.  *AFGE*, ECF 368 at 3–7, ECF 375.  On May 4, 2026, Judge Illston authorized Mr. Guy's deposition to continue for another half day.  *AFGE*, ECF 370 at 2.  Judge Illston also set a further hearing on the next day, May 5, 2026, to discuss Plaintiffs' requests for the next day.  *AFGE*, ECF 370 at 1.

Mr. Guy's personal counsel, Mr. Greaves, appeared at the May 5, 2026 hearing before Judge Illston.  Hoshijima Decl. ¶ 24.  Mr. Greaves asked the Court to revoke the order continuing the deposition and took the position that his client had never been served with a subpoena, notwithstanding Judge Illston's prior orders to the contrary.  *Id.*  Judge Illston questioned Mr. Greaves about whether Mr. Guy would appear for the continuation of his deposition.  *Id.*  Mr. Greaves represented that his client would comply with any order issued by Judge Illston.  *Id.*  Following the hearing, Judge Illston issued an order that "Joseph Guy is ORDERED to appear for his continued deposition scheduled for the afternoon of May 8, 2026."  *AFGE*, ECF 381.

On May 6, 2026, Plaintiffs informed Mr. Greaves and Defendants that they intend to take the half-day continuation of Mr. Guy's deposition virtually through videoconference.  Hoshijima Decl. ¶ 26.  Mr. Greaves responded informing Plaintiffs that he would file a "motion to quash" the deposition subpoena.  *Id.* ¶ 27.  Mr. Greaves did not inform Plaintiffs of Mr. Guy's intention to seek any additional relief, including a new protective order, orders requiring confidentiality designations, orders restricting counsel's use of evidence, orders prohibiting the Northern District of California from compelling production of documents, or anything else beyond

5

quashing the Rule 45 subpoena to appear. *Id.* Plaintiffs attempted to eliminate needless disputes, including by providing Mr. Greaves again with copies of Judge Illston's order compelling Mr. Guy's appearance, as well as a new Rule 45 subpoena. *Id.* ¶ 28. Mr. Greaves responded that he was not authorized to accept service for his client. *Id.* ¶ 29. Plaintiffs requested that Mr. Greaves not file the motion and gave notice that they would seek all available remedies, including recovery of attorneys' fees, should he do so. *Id.* Mr. Greaves informed Plaintiffs at 9:21pm Eastern time on May 6, 2026 that he had filed this motion, less than 40 hours before the start of the continued deposition ordered by Judge Illston. *Id.* ¶ 30.

## LEGAL STANDARD

A federal district court cannot entertain a collateral attack on the orders of another district court. *Yi Tai Shao v. Roberts*, No. CV 18-1233 (RC), 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019); *May v. Ward*, No. 5:11-CT-3065-FL, 2012 WL 12952618, at *1 (E.D.N.C. June 8, 2012).

With respect to Rule 45 subpoenas, a court for the district where compliance is required can quash or modify a subpoena under Federal Rule of Civil Procedure 45(d)(3). The circumstances that justify quashal or modification are set forth in the Federal Rules and include when a subpoena: (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the Federal Rules' geographical limits, (3) interferes with privilege, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A court may also transfer a motion under Rule 45 to the issuing court with familiarity with the underlying litigation. Fed. R. Civ. P. 45(f).

## ARGUMENT

### I.    Mr. Guy's motion is an improper collateral attack on another district court's orders.

The U.S. District Court for the Northern District of California has issued multiple orders on the exact issues raised in Mr. Guy's emergency motion to this Court. In particular, the Northern District of California has held that Mr. Guy was properly served with a notice and subpoena for his deposition, has allowed a half-day continuation of Mr. Guy's deposition in light of concerns regarding loss of evidence, and has directly ordered Mr. Guy to appear for the continued deposition on the afternoon of Friday, May 8, 2026. *AFGE*, ECF 358, 362, 370, 381

6

(Hoshijima Decl. Ex. B–E). Mr. Guy was not unrepresented in these matters before that Court. Until last Thursday, he was employed as a high-level official of a federal agency Defendant in that litigation, and his interests were represented by the U.S. Department of Justice. More recently, Mr. Guy's personal counsel, Jason Greaves, appeared before Judge Illston earlier this week in an unsuccessful attempt to contest her orders. In response to a direct question from Judge Illston about whether Mr. Guy would appear for the continuation of his deposition, Mr. Greaves represented that his client would comply with any court order she issued.

This Court cannot entertain a collateral attack on the Northern District of California's orders. It is "well established that federal district courts do not have jurisdiction to reconsider decisions of other federal courts." *Yi Tai Shao v. Roberts*, No. CV 18-1233 (RC), 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019); *see also United States v. Paul*, No. 3:97CR00085-003, 2008 WL 2439883, at *2 n.3 (W.D. Va. June 16, 2008) ("This court is not the proper forum in which to seek review of the decision of another district court."); *May v. Ward*, No. 5:11-CT-3065-FL, 2012 WL 12952618, at *1 (E.D.N.C. June 8, 2012). Because a federal district court has no "appellate jurisdiction over other judicial bodies," it "lacks the power to void other federal courts' orders through a collateral attack." *Klayman v. Rao*, No. 21-CV-02473 (CRC), 2021 WL 4948025, at *4 (D.D.C. Oct. 25, 2021). "[T]he doctrine of comity preclude[s] one district court from issuing an order that conflict[s]" with that "issued by another district court." *Ulmet v. United States*, 888 F.2d 1028, 1031 (4th Cir. 1989); *Children's Health Defense v. FDA*, No. 23-cv-220, 2024 WL 147851, at *3 (D.D.C. Jan. 12, 2024). "[T]he proper recourse for a party who believes that a judge has ruled improperly or unfairly is to raise such errors on appeal." *May v. Brain*, No. 5:11-CT-3088-FL, 2012 WL 12952619, at *1 (E.D.N.C. June 8, 2012). A party cannot "end run" around a district court's order by seeking to undermine it with collateral attacks in other district courts. *Cf. Scardelletti v. Rinckwitz*, 68 F. App'x 472, 478 (4th Cir. 2003) (affirming injunction against litigant who was continuing to attack court's order by filing to relitigate issue in another district court).

Judge Illston's orders unambiguously require Mr. Guy's appearance independently of any question regarding service of the subpoena through Defendants' counsel.  Mr. Guy is required to appear on Friday under Judge Illston's orders, not simply because of a subpoena—just as he appeared for a deposition under Judge Illston's court order on Monday.  Mr. Guy's options included moving before Judge Illston for reconsideration or seeking relief from an appellate court with jurisdiction, not asking this Court to engage in a collateral attack on another district court's orders.  For that reason alone, this Court should summarily deny this motion and need not even reach any of Mr. Guy's arguments as to why he thinks the Northern District of California should not have issued the orders it did, including the question whether Plaintiffs properly served a notice of deposition or subpoena.

But if this Court were nonetheless to consider the question of service, the Northern District of California has already properly resolved this issue multiple times.  *AFGE*, ECF 358, 362.  In that court, the parties previously briefed the issue of whether Plaintiffs properly served a subpoena on Mr. Guy as a then-current high-level official of a federal agency Defendant.  Judge Illston concluded that "the deposition notice and subpoena issued to Guy are deemed served and are effective" through Defendants' counsel, who represented him in his official capacity at the time.  *AFGE*, ECF 362 at 1.  Under Federal Rule 5(c)(1), service of Mr. Guy was properly made through Defendants' counsel, and indeed had to be, as Judge Illston concluded.  There is no basis for this Court to reconsider an issue that Judge Illston has directly addressed.

Nor is there any merit to Mr. Guy's assertions that he has had inadequate notice or opportunity to seek such recourse before Judge Illston.  Until last Thursday, April 30, 2026, he was a high-level federal government employee of a Defendant federal agency and his interests in the case were represented by the U.S. Department of Justice, which litigated these discovery issues before Judge Illston.  To the extent that Mr. Guy claims that he never received the subpoena that Plaintiffs served on him through the U.S. Department of Justice on April 27, 2026, and which Judge Illston ordered Defendants to accept on April 30, 2026, *AFGE*, ECF 358, ECF 362, that would be a failure of communication between the U.S. Department of Justice and a

federal agency employee.  In any case, Mr. Guy had actual notice of the deposition notice and court order compelling his appearance because he already appeared for the first part of his deposition on Monday, May 4, 2026.

In any case, the circumstances here do not come close to establishing grounds for quashal.  Judge Illston has authorized a half-day continuation of Mr. Guy's deposition.  Plaintiffs plan to take that deposition virtually, which minimizes any burden for Mr. Guy and his personal counsel.  Mr. Guy already appeared under federal court order and subpoena for the first part of his deposition, which waives any objection he may have had to appearing in the first instance.  This Court cannot intervene mid-deposition to excuse him from continuing a deposition required by order of another federal court.

## II.    Mr. Guy's request that this Court second-guess another district court's production and preservation orders should also be rejected.

Mr. Guy's complaints about other discovery orders by Judge Illston also do not justify quashal of a subpoena or provide any basis for relief that interferes with another district court's orders on production and preservation of evidence.  Judge Illston previously found that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA."  *AFGE*, ECF 351 at 4.  Judge Illston cited testimony by another deponent that Mr. Guy and other government employees had used disappearing messages on the Signal messaging application their personal phones to communicate with each other about FEMA business.  *Id.*  Defendants objected to producing any such communications by arguing that agency employees' personal cell phones were not within agencies' "possession, custody, or control" under Federal Rule of Civil Procedure 34(a), *id.* at 2, but Judge Illston rejected that argument and ordered that communications about official government business on Mr. Guy's personal phone be produced.  *Id.* at 4; *see also AFGE*, ECF 358 at 1.

Mr. Guy's testimony on the first day of his deposition not only confirmed that he had nearly thirty FEMA-related Signal chat groups with other government officials on his personal phone, but also that he had taken recent action that had resulted in the alteration or loss of data

on his Signal application.  *AFGE*, ECF 368 at 3–7, ECF 375.  Based on that testimony, Judge

Illston ordered Mr. Guy's deposition to continue for another half a day.  *AFGE*, ECF 370 at 2,

ECF 381.

 Mr. Guy's complaints about discovery from his personal cell phone are the result of

Judge Illston's discovery orders—which were based on evidence that he had conducted official

government business relevant to the case on his personal phone and that Defendants had not

fulfilled their obligations under previous discovery orders to search for responsive

communications.  Judge Illston's orders seek to ensure the preservation and production of

relevant evidence.  Mr. Guy's complaints about his due process and Fourth Amendment rights

pertain to those federal court discovery orders, not to the subpoena requiring his attendance at his

deposition.[1]  Any dispute over Judge Illston's discovery orders had to be raised before Judge

Illston, not in this Court.

 Finally, there is no basis for this Court to enter a protective order under Federal Rule of

Civil Procedure 26(c) or to order any of the other requested restrictions on discovery or the use

of evidence in the Northern District of California case.  What Mr. Guy seeks is, in essence, to use

Rule 26(c) to enjoin the operation of another federal court's discovery orders and that court's

case management decisions, including its efforts to ensure production and preservation of

relevant evidence.  But this Court cannot issue such an order under Rule 26(c).[2]

---

[1] As the subpoena attached to Mr. Guy's motion in this Court shows, the subpoena only compelled his appearance at the deposition and did not compel any document production.  ECF 1-3 at 1.

[2] In any case, no one, including a court or Plaintiffs' counsel, has ever seized Mr. Guy's personal phone.  Mr. Guy and his counsel agreed to permit Mr. Guy to answer deposition questions about FEMA-related communications on his personal phone, while never relinquishing possession of his phone.  Hoshijima Decl. ¶ 21.  As far as the events on May 3, 2026, the Northern District of California directed Defendants to search for responsive documents on a phone on which directly relevant government business had been proven to have been conducted, after that court found that Defendants failed to comply with previously issued discovery orders.  *Id.*  Mr. Guy's attempt to turn production and preservation orders and deposition questions about the content of relevant work-related communications into a Fourth Amendment issue is meritless, but in any event, was properly directed to the court that made those orders or a reviewing court.  Judge Illston rejected

Judge Illston in the Northern District of California has already issued a protective order that governs confidentiality designations in that case and has been diligently resolving the parties' disputes. *AFGE*, ECF 261, 355. Mr. Guy's personal counsel, who attended Mr. Guy's deposition on May 4, 2026, made an on-the-record invocation of the confidentiality designation process in Judge Illston's protective order and designated Mr. Guy's home address, telephone number, and current employment as confidential. *AFGE*, ECF 375. He designated nothing else in that transcript confidential, because nothing else is properly confidential under Judge Illston's protective order. Mr. Guy cannot now seek in this Court a second, broader confidentiality designation or an injunction against use of deposition testimony in the Northern District of California case. That would interfere with the Northern District of California's careful management of discovery in the action before it and that court's resolution of the preliminary injunction motion still pending before it.

### III.     In the alternative, this Court may transfer this motion to the court presiding over the underlying litigation.

Alternatively, to the extent Mr. Guy characterizes his motion as resting on Rule 45, this matter presents "exceptional circumstances" that warrant transferring this motion to the Northern District of California, which issued the subpoena. Fed. R. Civ. P. 45(f). Judge Illston has already issued multiple orders pertaining to Mr. Guy's attendance at his deposition and the other discovery issues that Mr. Guy raises in this Court. As the Advisory Committee Note on the rule explains, transfer is available under these circumstances "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Fed. R. Civ. P. 45(f) advisory committee's note; *In re Twitter, Inc.*, No. 3:20MC00003, 2020 WL 912751, at *1 (W.D. Va. Feb. 25, 2020); *Azurity Pharms., Inc. v. Bionpharma Inc.*, No. 5:23-MC-19-RJ, 2023 WL 5664278, at *2 (E.D.N.C. Sept. 1, 2023); *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Duck v. SEC*, 317 F.R.D. 321,

---

these Fourth Amendment arguments when raised by Mr. Guy's counsel at the hearing on May 5, 2026. *Id.* ¶ 24.

11

325 (D.D.C. 2016).  This concern applies here.  Transfer would allow for resolution of this matter by Judge Illston, who has issued multiple discovery orders in the past few weeks and is best positioned to address this dispute.  Because completion of Mr. Guy's deposition is necessary for the supplemental preliminary injunction briefing schedule that Judge Illston has already set, *AFGE*, ECF 351 at 6, transfer would avoid disrupting Judge Illston's management of the case before her.  Finally, the burden of transfer is minimal because Mr. Guy's personal counsel has already appeared before Judge Illston.

**CONCLUSION**

This Court should deny Mr. Guy's motion.  This Court cannot, and should not, reconsider Judge Illston's multiple orders on the exact issues that Mr. Guy now raises here.  If the Court does not deny the motion, it should transfer the motion for resolution by Judge Illston in the Northern District of California.

Respectfully submitted,

May 7, 2026

By:

*/s/ Joel McElvain*

Joel McElvain (Va. Bar No. 95215)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
jmcelvain@democracyforward.org

For:

Elena Goldstein (pro hac vice forthcoming)
Skye Perryman (pro hac vice forthcoming)
Tsuki Hoshijima (pro hac vice forthcoming)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043

Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

Stacey M. Leyton (pro hac vice forthcoming)
Barbara J. Chisholm (pro hac vice forthcoming)
Danielle E. Leonard (pro hac vice forthcoming)
Elizabeth Eshleman (pro hac vice forthcoming)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

*Counsel for Respondent*