**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

JOSEPH GUY,

               *Petitioner*,

   v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,

               *Respondent.*

Case No. 1:26-mc-00008

**Declaration of Tsuki Hoshijima**

I, Tsuki Hoshijima, declare as follows:

1.     I am a member in good standing of the District of Columbia Bar and the Massachusetts Bar.  I am admitted pro hac vice in *AFGE v. Trump*, No. 25-cv-03698-SI (N.D. Cal.).  In that action, I represent all Union and Non-Profit Organization Plaintiffs (except NRDC) and Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD.

2.     I submit this declaration in support of Respondent's opposition to Joseph Guy's emergency motion to quash subpoena and for protective order.  This declaration is based on my personal knowledge, information, and belief.

3.     This matter arises from litigation in the Northern District of California before Judge Susan Illston.  *AFGE v. Trump*, No. 3:25-cv-03698-SI (N.D. Cal.).  Judge Illston has significant familiarity with the issues raised in Joseph Guy's motion in this Court because she has issued multiple rulings directing Mr. Guy to appear for his deposition and directing the preservation and production of official government agency communications by Mr. Guy.

1

4.      On January 27, 2026, Plaintiffs in the Northern District of California action filed a supplemental complaint challenging unlawful actions by the Department of Homeland Security to implement staffing reductions at the Federal Emergency Management Agency.  *AFGE*, ECF 290-1.  Plaintiffs filed a motion for a temporary restraining order that was converted into a preliminary injunction motion.  *AFGE*, ECF 301, 304.

5.      Judge Illston found that at the preliminary injunction hearing on March 3, 2026, "defense counsel [from the U.S. Department of Justice] presented a version of the facts markedly different from what is contained in the sworn declaration by" the government's sole declarant, the top official at FEMA.  *AFGE*, ECF 321 at 1.

6.      The Court on March 3, 2026 therefore ordered expedited discovery to resolve the factual disputes that bear on Plaintiffs' preliminary injunction motion.  *Id*.  Among Judge Illston's orders was that Defendants identify the people who were involved in the challenged decisions about FEMA personnel.  *Id.* at 2.  Defendants identified Joseph Guy, who was at the time the Deputy Chief of Staff at DHS, as one of the three DHS individuals involved in the decisions at issue.  *AFGE*, ECF 327-1.

7.      Plaintiffs first took discovery from other individuals and collected documents. The evidence indicated that Mr. Guy had knowledge of the decisions at issue.  *AFGE*, ECF 350 at 4, 6–9, 13–15.  Plaintiffs thus subsequently sought Mr. Guy's deposition.

8.      Plaintiffs first served Defendants with a deposition notice for Mr. Guy on April 10, 2026.  *AFGE*, ECF 350 at 15 & n.14; *AFGE*, ECF 350-1 at 3–4.  Service was effected through Defendants' counsel.  By that time, Mr. Guy had moved from DHS to the State Department, which is also a federal agency defendant in the *AFGE* case.

2

9.      Defendants objected to continued discovery in general but agreed that Mr. Guy would be available for a deposition on April 30, 2026 if the Court allowed the deposition. *AFGE*, ECF 350-1 at 692–94.  The parties, including Defendants on behalf of Mr. Guy, presented their disputes including over whether Plaintiffs should depose Mr. Guy.

10.      Defendants confirmed through counsel that they were holding April 30, 2026 for Mr. Guy's deposition.  Plaintiffs' counsel informed Defendants' counsel on April 21, 2026: "With respect to Guy, we appreciate holding April 30. Whether the deposition proceeds on that date will depend on when the Court rules on the pending document issues, and how much time she provides Defendants for further compliance."

11.      On April 22, 2026, Judge Illston resolved that dispute and ordered that Mr. Guy's deposition "shall take place the week of April 27, 2026 or the following week."  *AFGE*, ECF 351 at 1–2.  A true and correct copy of that order is attached as **Exhibit A**.

12.      Based on evidence that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA," Judge Illston also ordered Defendants to produce all responsive communications from personal phones used for government business by no later than April 29, 2026.  *AFGE*, ECF 351 at 4.

13.      After receiving the Court's April 22, 2026 order requiring Mr. Guy's deposition, *AFGE*, ECF 351, Plaintiffs informed Defendants on April 23, 2026:  "In light of the Court's order setting further deadlines for production through April 29, and requiring depositions either next week or the week after, we will take the depositions of Joseph Guy and Kara Voorhies the week of May 4."  Counsel asked for Mr. Guy and Defendants' counsel's availability.  Counsel for Defendants responded on April 23, 2026: "As for Mr. Guy, I have confirmed that the week of May 4-8 works."

14.     By email on the evening of Friday, April 24, 2026, Defendants informed Plaintiffs that "Mr. Guy is imminently departing from the State Department, and his final day of federal employment is Thursday, April 30."  *AFGE*, ECF 356-2 at 7.  Defendants told Plaintiffs that "the only means for Plaintiffs to compel his attendance at a deposition after April 30 would be through service of a subpoena under Rule 45."  *Id*.

15.     On Monday morning, April 27, 2026, Plaintiffs responded by serving Mr. Guy, through counsel for Defendants, who represented him at the time, with both a revised deposition notice for May 4, 2026 and with a Rule 45 subpoena requiring Mr. Guy to appear for a May 4, 2026 deposition.  *AFGE*, ECF 356-2 at 5–6.  At the time, Mr. Guy remained employed by Defendants.  Plaintiffs stated: "Given that he currently remains an employee of a Defendant, we believe the revised notice of deposition pursuant to Rule 30 is sufficient. However, in light of your request, we have also attached a Rule 45 subpoena and accompanying notice."  *Id*. at 6.

16.     The parties disputed whether Plaintiffs had properly served Mr. Guy.  Plaintiffs and Defendants presented that dispute over whether Mr. Guy had been served to Judge Illston, *AFGE*, ECF 356 at 2, and Judge Illston ordered Defendants to "accept service of Guy's deposition notice," *AFGE*, ECF 358 at 2.  A true and correct copy of that order is attached as **Exhibit B.**

17.     After Defendants again refused to acknowledge service, *AFGE*, ECF 360 at 1–2, Judge Illston issued a further order on May 1, 2026 establishing the following:

> This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is ORDERED to appear for his deposition on May 4, 2026.

*AFGE*, ECF 362 at 1.  A true and correct copy of that order is attached as **Exhibit C**.

18.     In addition to ordering that Mr. Guy had been served through counsel, and that Mr. Guy must appear at his deposition on May 4, 2026, Judge Illston also issued a series of orders pertaining to the production of communications regarding DHS and FEMA-related matters conducted on personal telephones.  These included orders that Defendants search the personal phone of Mr. Guy, a high-ranking federal agency official, for responsive agency communications (conducted by text or Signal application) and the submission of a declaration attesting to preservation of those communications.  *AFGE*, ECF 351 at 4.  Judge Illston reiterated that order.  *AFGE*, ECF 358 at 1.  In response, Mr. Guy submitted a declaration in which he stated that he had not preserved Signal messages related to FEMA business on his personal phone and that he thought that another government official was responsible for preserving the work-related Signal messages on his personal phone.  *AFGE*, ECF 359-1 at 2.

19.     The Court's May 1, 2026 order concluded that prior searches were inadequate and therefore ordered further searches for official agency communications on Mr. Guy's personal phone, as well as for Mr. Guy to bring to his deposition the personal phone on which he had conducted responsive, government-related communications.  *AFGE*, ECF 362 at 1–2.

20.     Mr. Guy appeared for his deposition on May 4, 2026.  He was represented by private personal counsel, Jason Greaves.  Counsel for Defendants also appeared.  Mr. Guy indicated that counsel for the government failed to provide him with a copy of the subpoena while he remained employed by Defendants.  But he admitted that he had actual knowledge of Judge Illston's orders requiring him to appear.

21.     During that deposition, testimony suggesting the loss of evidence of work-related communications made on his personal phone by Mr. Guy came to light, and Plaintiffs sought further relief from the Court, including the further production of documents pertaining to those

5

communications (chats on the Signal application with other then-government officials) and continuation of the deposition. *AFGE*, ECF 368 at 3–7, ECF 375. In particular, Mr. Guy revealed dozens of government work-related Signal group chats with other government employees on his personal phone, and that he had "reinstalled" the Signal application just before his deposition, resulting in the loss of data about those chats. Mr. Guy also confirmed that he had informed both his personal counsel and counsel for Defendants of this loss, although they had not informed the Court of this event. But no one, including a court or Plaintiffs' counsel, has ever seized Mr. Guy's personal phone. Mr. Guy and his counsel agreed to permit Mr. Guy to answer deposition questions about FEMA-related communications on his personal phone, while never relinquishing possession of his phone. As far as the events on May 3, 2026, the Northern District of California directed Defendants to search for responsive documents on a phone on which directly relevant government business had been proven to have been conducted, after that court found that Defendants failed to comply with previously issued discovery orders. *AFGE*, ECF 362.

22. On May 4, 2026, Judge Illston authorized Mr. Guy's deposition to continue for another half day. *AFGE*, ECF 370 at 2. A true and correct copy of that order is attached as **Exhibit D**. The Court also granted Defendants' request to set a further hearing on the next day, May 5, 2026, to discuss Plaintiffs' requests for further production of documents. *AFGE*, ECF 370 at 1.

23. In light of the Court's order, which was received during the deposition of Mr. Guy, Mr. Greaves requested that Mr. Guy be permitted to leave prior to completion of the deposition. Plaintiffs' counsel agreed to excuse Mr. Guy, in light of the order bringing him back for continued deposition.

24.     Mr. Greaves appeared on behalf of Mr. Guy at the May 5, 2026 hearing before Judge Illston.  Mr. Greaves asked the Court to revoke the order continuing the deposition and took the position that his client had never been served with the subpoena, notwithstanding Judge Illston's prior orders to the contrary.  He also raised alleged Fourth Amendment concerns.  Judge Illston questioned Mr. Greaves about whether Mr. Guy would appear for the continuation of his deposition.  Mr. Greaves represented that his client would comply with any order issued by Judge Illston.

25.     Following the hearing, on May 5, 2026, Judge Illston rejected Mr. Guy's request to revoke the order, rejected the argument that he had not been served, and issued an order that "Joseph Guy is ORDERED to appear for his continued deposition scheduled for the afternoon of May 8, 2026."  *AFGE*, ECF 381.  A true and correct copy of that order is attached as **Exhibit E**.

26.     At that May 5, 2026 hearing, Plaintiffs informed Defendants and Mr. Guy through his personal counsel that Plaintiffs would provide further logistics for the continued deposition. On May 6, 2026, Plaintiffs informed Mr. Greaves and Defendants that they intend to take the half-day continuation of Mr. Guy's deposition virtually through videoconference.

27.     Mr. Greaves responded informing Plaintiffs that he would file a "motion to quash" the deposition subpoena, likely in the U.S. District Court for the District of Columbia.  A true and correct copy of counsel's exchange is attached as **Exhibit F**.  Mr. Greaves did not inform Plaintiffs of Mr. Guy's intention to seek any additional relief, including a new protective order, orders requiring confidentiality designations, orders restricting counsel's use of evidence, orders prohibiting the Northern District of California from compelling production of documents, or anything else beyond quashing the Rule 45 subpoena to appear.

28.     Plaintiffs attempted to eliminate needless disputes, including by providing Mr. Greaves again with copies of the Judge Illston's order compelling Mr. Guy's appearance, as well as a new Rule 45 subpoena.

29.     Mr. Greaves responded that he was not authorized to accept service for his client. Plaintiffs requested that Mr. Greaves not file the motion, explained that his client was under court order to appear, and gave notice that Plaintiffs would seek all available remedies, including recovery of attorneys' fees, should he do so.

30.     On May 6, 2026, Mr. Greaves informed Plaintiffs at 9:21pm Eastern time on May 6, 2026 that he had filed this motion (not in D.D.C. but the E.D. Va.), less than 40 hours before the start of the continued deposition ordered by Judge Illston.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed May 7, 2026, in Somerville, Massachusetts.

_____
TSUKI HOSHIJIMA

8

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

          Plaintiffs,

     v.

DONALD J. TRUMP, et al.,

          Defendants.

Case No. 25-cv-03698-SI

**FURTHER DISCOVERY ORDER AND
ORDER SETTING SUPPLEMENTAL
BRIEFING SCHEDULE RE: FEMA
PRELIMINARY INJUNCTION
MOTION**

On March 3, 2026, the Court ordered defendants to produce four categories of expedited discovery, related to plaintiffs' pending motion for preliminary injunction regarding the Federal Emergency Management Agency (FEMA). Dkt. No. 321; *see also* Dkt. Nos. 328, 336, 339 (further discovery orders). On March 26, 2026, defendants filed a notice updating the Court on the status of their compliance. Dkt. No. 337. This Order issues in response to plaintiffs' recent request for further compliance with this Court's expedited discovery orders. Dkt. No. 341. Defendants filed a response, and plaintiffs replied. Dkt. Nos. 344, 345, 350. Having reviewed these filings and the attached exhibits, the Court declines to pause further discovery as defendants request and agrees with plaintiffs that further limited discovery on an expedited basis is warranted, given the information that has recently come to light through depositions and document production. The Court therefore rules as follows.

**<u>Guy and Voorhies Depositions:</u>** Plaintiffs have noticed depositions for Joseph Guy (former

DHS Deputy Chief of Staff) and Kara Voorhies[1] for the week of April 27, 2026. The parties dispute whether plaintiffs should be permitted to depose Guy and Voorhies. The Court agrees with plaintiffs that they may depose these individuals, in light of information that has come out through discovery. In particular, the Court notes that Karen Evans, FEMA's Senior Official Performing the Duties of Administrator (SOPDA), testified at her deposition that Guy told Evans to include a 50% cut in FEMA's staffing plan. Dkt. No. 350-1, Eshleman Decl., Ex. G (Evans Dep.) at 235:10-25. Evans further testified that Voorhies was the Senior Advisor to the DHS Secretary on FEMA issues, that Evans communicated with Voorhies regarding the CORE[2] staffing and reappointment questions that are at issue in the preliminary injunction motion, and that Guy told Evans to keep Voorhies informed on these matters. *Id.* at 98:19-21, 129:22-132:22.

The depositions shall take place the week of April 27, 2026, or the following week.

**Electronic Communications on Personal Cell Phones:** On March 20, 2026, the Court ordered plaintiffs to produce electronic phone communications from "high-level decisionmakers," described as individuals identified in Exhibit B to plaintiffs' discovery filing at Dkt. No. 332 at 1, by March 26, 2026. Dkt. No. 336. Plaintiffs now request that defendants be ordered to produce communications on personal phones related to agency business and to order any custodian claiming not to have conducted such communications to attest to that fact under penalty of perjury. Dkt. No. 341 at 11. Plaintiffs also raise concerns about defendants' compliance with their preservation obligations under the Federal Records Act, since Signal messages are often set to delete automatically. *Id.* at 8, n. 7, 11; *see also* Dkt. No. 350 at 18-19 & Eshleman Decl. ¶¶ 3-4 & Ex. A (photo of Evans's personal cell phone showing Signal chat with Voorhies, with messages set to automatically disappear after 4 weeks).

In response, defendants argue primarily that the personal cell phones are not within their "possession, custody, or control" under Federal Rule of Civil Procedure 34(a). Dkt. No. 344 at 14.

United States District Court
Northern District of California

---

[1] Voorhies's precise role is in dispute. Defendants describe her as a "former contractor." Plaintiffs say she was given the title of "Senior Advisor to the DHS Secretary."

[2] "CORE" stands for the "Cadre of On-Call Response/Recovery Employees."

Defendants also argue that it is sufficient that they "will produce responsive, nonprivileged screenshots." *Id.* at 14-15. Furthermore, defendants argue that Noem, Lewandowski, and Voorhies confirmed that they did not communicate on their personal phones regarding CORE renewals or target FEMA staffing reductions. *Id.* at 15; *see also* Dkt. Nos. 341-1 (Leonard Decl.) ¶ 13(c); 345-8 (Kies Decl.), Ex. 8 (Apr. 8, 2026 Email).

Rule 34 only requires production of relevant documents that "are in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). To render an employee's personal device subject to the "possession, custody, and control" of its employer, "generally the plaintiff must show that personal devices were used for business purposes." *Goolsby v. Cnty. of San Diego*, No. 3:17-cv-564-WQH-NLS, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019); *Rattie v. Balfour Beatty Infrastructure, Inc.*, No. 22-cv-05061-RS (LJC), 2023 WL 5507174, at * 3 (N.D. Cal. Aug. 25, 2023). The party seeking production "bears the burden of proving that the opposing party has such control." *Int'l Union*, 870 F.2d at 1452.

Here, SOPDA Evans confirmed in her deposition that she used her personal phone to communicate regarding FEMA matters with other government officials, including Kristi Noem (former DHS Secretary), Corey Lewandowski (former Chief Advisor to the DHS Secretary), Guy, and Voorhies. Evans Dep. at 149:18-151:16. Evans also testified that at least she, Guy, and Voorhies communicated about FEMA business using personal phones. *Id.* at 141:5-142:6, 146:24-147:9, 149:18-151:16, 160:22-161:22. Evans testified that she has the Signal app stored on her personal phone and that she herself preserved Signal chats from her personal phone that "were appropriate records" by sending screenshots of those messages to her work email account. *Id.* at 149:18-24, 155:12-157:8. On April 15, 2026, defendants produced to plaintiffs what counsel described as "3 responsive, non-privileged, Signal chat screenshots from Evans's personal phone." Eshleman Decl. ¶¶ 3-6 & Exs. A, B, C. In one of those images (which appears not to be a "screenshot" but a photo of a phone screen taken from another phone), in a Signal group chat titled "FEMA 2.0," Voorhies tells Evans to provide data related to FEMA staffing. *Id.*, Ex. A. The image

United States District Court
Northern District of California

shows that the messages are set to automatically disappear after four weeks but does not reveal who else participated in the "FEMA 2.0" Signal group chat. *See id.* At her deposition, Evans testified that she was "unsure" whether her Signal group chat messages remained on her personal phone because she was "not sure of the settings for the disappearing messages." Evans Dep. at 158:5-159:2.

To summarize, plaintiffs have offered evidence, in the form of Evans's deposition testimony and defendants' document production, that at least Evans, Voorhies, and Guy used their personal cell phones for business purposes regarding FEMA. *See* Evans Dep. at 141:5-24 (testimony that Evans did not know if Voorhies had DHS- or FEMA-issued work phones but that Evans communicated with Voorhies on Voorhies's personal phone), 150:25-152:6, 160:22-161:22 (testimony that Evans communicated with Guy via Signal app and only had a personal number for Guy in her phone). This is sufficient to establish control under Rule 34(a). Moreover, under the Federal Records Act, communications about agency business on personal phones are federal records that are required to be preserved. The Court is seriously troubled that Evans's "FEMA 2.0" Signal messages were set to delete after four weeks, that Evans alone appears to have made the decision regarding what were "appropriate records" to preserve, and that what should have been preserved under the law may not have been. *See* Evans Dep. at 156:1-157:10.

Accordingly, the Court ORDERS defendants to search the personal phones of Evans, Guy, and Voorhies and to produce all responsive communications by **April 29, 2026**. Also by that date, the Court ORDERS Evans, Guy, and Voorhies to attest to the preservation of FEMA-related communications on their personal phones in declarations filed under penalty of perjury.

By **April 24, 2026,** defendants shall communicate to plaintiffs the members of the "FEMA 2.0" Signal group chat and the dates of the messages contained in Exhibits A and C to the Eshleman declaration.

**Electronic Communications on Guy's and Voorhies's Work Phones:** Plaintiffs also request that defendants be ordered to "conduct complete and thorough searches" of Guy's and Voorhies's work phones. Dkt. No. 341 at 12. Defendants respond that they informed plaintiffs in

4

United States District Court
Northern District of California

writing on April 8, 2026, that they have obtained Voorhies's FEMA-issued phone and will produce responsive, non-privileged material if any exists. Dkt. No. 344 at 15; Dkt. No. 345, Kies Decl., Ex. 8. Defendants state they are working to obtain access to Voorhies's DHS-issued phone, which is password protected. Dkt. No. 344 at 15. Defendants state they obtained and searched Guy's work phone but the search did not reveal responsive documents. *Id.* The Court ORDERS defendants to conduct thorough searches of Voorhies's and Guy's work-issued phones and to produce all responsive communications by **April 29, 2026**. To the extent these phones contain no responsive communications, defendants shall provide plaintiffs with an explanation of search terms and processes used.

**FEMA Staffing Plan Email Communication:** Plaintiffs state that defendants never produced the communications related to Evans's submission of a FEMA Annual Staffing Plan to DHS that included a 50% cut to FEMA. Dkt. No. 350 at 17 (citing Evans Dep. 219:21-222:7). Defendants do not address this in their statement.

The parties also dispute whether such FEMA Annual Staffing Plan was ever communicated from DHS to the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM). Defendants say that communication never took place. Dkt. No. 344 at 15-16. Plaintiffs point to testimony from Evans that the plan was transmitted to OMB and OPM. Dkt. No. 350 at 18.

No later than **April 29, 2026,** defendants shall produce the communications regarding this staffing plan—between Evans and DHS, and between DHS and OMB/OPM. If such communications do not exist, defendants shall provide a declaration signed under penalty of perjury attesting to that fact.

**Metadata for 2026 Talking Points:** The parties dispute the significance of what appears to be a two-page Word document created at the direction of Evans regarding the 50% FEMA staffing cut. The Court has reviewed this document *in camera* and agrees that it should be produced to plaintiffs, in native format, with all metadata intact. Defendants shall do so by **April 29, 2026.**

**Evans's Self-Redacted Meeting Notes:** It does not appear to be in dispute that Evans self-redacted meeting notes in her planner and that a privilege log has not yet been produced. Dkt. No. 341 at 15-16. The unredacted portions show that the notes pertain to FEMA staffing numbers and communications with Voorhies. *See* Evans Dep. at 223:2-224:20. Defendants stated in their April 15, 2026 filing that "Agency counsel reviewed and approved the redactions while preserving the document in unredacted form" and that defendants "are working on a privilege log." Dkt. No. 344 at 16. A privilege log was originally due March 17, 2026, with a brief extension of certain materials granted until March 20. Dkt. Nos. 328, 330. The Court has reviewed the redacted meeting notes but is unable to review any assertions of privilege on the present record.

Defendants are ORDERED to produce Evans's handwritten notes for *in camera* review, along with a privilege log, **no later than April 24, 2026**. Defendants may do so by emailing a copy electronically to sipo@cand.uscourts.gov or by mailing a copy to the courthouse, clearly marked "In Camera Review: DO NOT FILE." The Court will then review the materials and issue a further ruling if needed.

**Supplemental Briefing and Hearing:** Once the above is complete and plaintiffs have had the opportunity to finish taking the ordered depositions, the parties shall supplement their preliminary injunction filings as follows.

| | |
|---|---|
| Plaintiffs' supplemental brief: | May 22, 2026 |
| Defendants' supplemental response: | June 5, 2026 |
| Plaintiffs' supplemental reply: | June 10, 2026 |

A further hearing on the motion for preliminary injunction is set for **June 17, 2026, at 1:30 p.m.** in-person in Courtroom 1.

**IT IS SO ORDERED**.

Dated: April 22, 2026

_____
SUSAN ILLSTON
United States District Judge

6

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al., | Case No. 25-cv-03698-SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' URGENT REQUEST** |
| v. | Re: Dkt. No. 357 |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

Late last night, defendants filed a "Notice of Substantial Compliance With Order of April 22, 2026 (ECF 351)." Dkt. No. 356. In that notice, defendants state that former DHS Deputy Chief of Staff Joseph Guy's last day of federal employment is today, April 30, 2026. This morning, plaintiffs filed a request for an urgent status conference today due to Guy's impending departure from federal employment and outstanding discovery issues to resolve before he departs. Dkt. No. 357.

Having reviewed the filings, the Court **ORDERS** defendants to: (1) search Guy's personal phone for responsive documents, as previously ordered, Dkt. No. 351 at 4;[1] (2) provide a declaration from Guy attesting to the preservation of responsive documents, as previously ordered, Dkt. No.

---

[1] The Court's April 22, 2026 Order ordered defendants to search Guy's personal phone and to produce all responsive communications by April 29, 2026. Dkt. No. 351 at 4. In particular, there was evidence that SOPDA Evans had a group Signal thread titled "FEMA 2.0" that Evans had set to delete after four weeks, and Evans testified that she communicated with Guy on Guy's personal cell phone. Further evidence has now come out that the "FEMA 2.0" group thread consisted of Evans, Guy, and Kara Voorhies.

Defendants' most recent filing is silent on their compliance with the order to search Guy's personal phone and produce all responsive communications by yesterday. *See* Dkt. No. 356.

United States District Court
Northern District of California

351 at 4;[2] and (3) accept service of Guy's deposition notice to comply with this Court's April 22, 2026 order, Dkt. No. 351 at 1-2. These items shall be completed to the best of defendants' abilities **today, before Guy leaves government employment.**

**IT IS SO ORDERED**.

Dated: April 30, 2026

SUSAN ILLSTON
United States District Judge

---

[2] This declaration was also due yesterday. *See* Dkt. No. 351 at 4.

2

# Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

            Plaintiffs,

    v.

DONALD J. TRUMP, et al.,

            Defendants.

Case No. 25-cv-03698-SI

**ORDER RE: DISCOVERY DISPUTES
IN ADVANCE OF JOSEPH GUY
DEPOSITION**

Re: Dkt. Nos. 359, 360

The Court is in receipt of the filing by defendants and the declaration of Joseph Guy. Dkt. No. 359. Guy's deposition has been noticed for Monday, May 4, 2026. The Court now rules as follows on the urgent discovery requests that plaintiffs have raised in advance of Guy's deposition. *See* Dkt. No. 360.

**Deposition Notice and Subpoena**: This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is **ORDERED** to appear for his deposition on May 4, 2026.

**Search of Mr. Guy's Personal Phone**: Guy's declaration indicates that he conducted a "self-search" of his personal phone using the terms "renewal, core, and staffing plan" but that no responsive documents were located. Dkt. No. 359-1 ¶ 4. The Court's prior orders did not authorize a self-search. *See* Dkt. Nos. 351 at 4, 358 at 1. The Court further agrees with plaintiffs that the search terms Guy used were underinclusive. Accordingly, Guy is **ORDERED** to bring his personal

phone to his deposition on May 4, 2026. Before the deposition, counsel for defendants shall search his phone again, using *at minimum* substantially the same search terms defendants applied to their searches of ESI from DHS custodians, *see* Dkt. No. 344 at 7.

**Images of Karen Evans's Phone:** Plaintiffs request the Court order the content of all FEMA SOPDA Karen Evans's FEMA-related Signal chats be produced to plaintiffs or provided to the Court for *in camera* review. Dkt. No. 360 at 3. On April 29, 2026, defendants produced five additional images from Evans's personal phone that reflect material responsive to this Court's April 22, 2026 order (Dkt. No. 351) but failed to explain why this material was not previously produced. The Court **ORDERS** defendants to produce all FEMA-related Signal chats from Evans's phone, by the commencement of Guy's deposition on May 4, 2026.

**Karen Evans's Incomplete Planner Notes:** Plaintiffs request the Court order defendants to produce unredacted pages of Evans's planner that reflect Evans's weekly Wednesday meetings with Guy in advance of Guy's May 4 deposition. Dkt. No. 360 at 4. Defendants have produced an image of Evans's phone reflecting FEMA-related topics from a February 4, 2026 meeting with Guy regarding CORE renewals (Ex. A) but have not produced Evans's planner notes for that date. The Court **ORDERS** defendants to produce all Evans's planner notes that reflect any Evans's meetings with Guy, by the commencement of Guy's deposition on May 4, 2026.

    **IT IS SO ORDERED**.

Dated: May 1, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2

# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

        Plaintiffs,

        v.

DONALD J. TRUMP, et al.,

        Defendants.

Case No.  25-cv-03698-SI

**ORDER RE: PLAINTIFFS' REQUEST
FOR IMMEDIATE COMPLIANCE
WITH MAY 1, 2026 ORDER AND
PRESERVATION OF RECORDS**

Re: Dkt. No. 368

Plaintiffs' deposition of Joseph Guy is currently taking place in Washington, D.C.  On May 1, 2026, the Court ordered defendants to search Joseph Guy's personal phone, to produce FEMA-related Signal chats from Karen Evans's personal phone, and to produce Evans's planner notes that reflect meetings with Guy, in advance of plaintiffs' deposition of Guy scheduled for today.  Dkt. No. 362.  Early this morning, defendants filed a "Notice of Partial Compliance with Order of May 1, 2026 (ECF 362) and Regarding Impossibility of Full Compliance."  Dkt. No. 364.  In that filing, defendants inform the Court that they conducted a manual search of Guy's cell phone on May 3 but were unable to comply with the Court's order regarding Evans's personal phone and planner notes because she is traveling out of state.  Defendants assert that they will not have access to Evans's personal phone or planner notes until May 7, the day after she returns.  This afternoon, defendants filed an urgent request for a status conference to discuss discovery issues.  Dkt. No. 367.  The Court has set a status conference over Zoom for 11:00 a.m. tomorrow.

Plaintiffs now request that the following emergency relief be granted today: 1) an order requiring defendants' production of Evans's Signal chats and planner notes by no later than 9 p.m, eastern time today; 2) continuation of the deposition of Guy to tomorrow in Washington D.C.; and

United States District Court
Northern District of California

3) an order requiring immediate preservation of Signal chat messages pertaining to FEMA by any other participant in those chats (as revealed by Mr. Guy in deposition today). Dkt. No. 368. The Court rules as follows:

**Production of Evans's Materials:** Plaintiffs argue that defendants' failure to produce Evans's Signal chats and planner have prejudiced their ability to depose Guy today. Dkt. No. 368 at 2-3. The Court **DENIES** plaintiffs' urgent request for production by 9 p.m. eastern time tonight. The parties shall further discuss production of Evans's materials during the emergency status conference tomorrow.

**Continuation of Guy's Deposition:** Plaintiffs wish to extend Guy's deposition into tomorrow. Plaintiffs state that they spent a "significant amount of time" questioning Guy about "previously undisclosed spoilation issues." Dkt. No. 368 at 6-7. For this reason, the Court **GRANTS** plaintiffs' request to continue Guy's deposition and permits plaintiffs another half-day to depose Guy on May 5, 2026.

**Preservation Order:** Plaintiffs state that at today's deposition Guy revealed the existence of nearly 30 FEMA-related Signal group chats in his personal phone, which included 20 participants. Dkt. No. 368 at 3-6. Further, plaintiffs state that Guy revealed that on either April 30 or May 1, he "attempted to 'reinstall' the Signal application on his phone, resulting in the apparent deletion of his Signal messages and/or of the backups of his Signal messages." *Id.* at 5. The Court is seriously troubled by these allegations of spoliation and is inclined to grant plaintiffs' requested preservation order. Plaintiffs shall promptly file a proposed preservation order for the Court's consideration.

**IT IS SO ORDERED**.

Dated: May 4, 2026

_____
SUSAN ILLSTON
United States District Judge

2

# Exhibit E

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 25-cv-03698-SI

**ORDER RE: CONTINUED
DEPOSITION OF JOSEPH GUY**

As discussed at the status conference today, Joseph Guy is **ORDERED** to appear for his continued deposition scheduled for the afternoon of May 8, 2026.

**IT IS SO ORDERED**.

Dated: May 5, 2026

_____
SUSAN ILLSTON
United States District Judge

# Exhibit F

DEMOCRACY
FORWARD ➤

Tsuki Hoshijima <thoshijima@democracyforward.org>

## AFGE v Trump: Friday's continued deposition

**Jason Greaves** <jason@binnall.com>                                         Wed, May 6, 2026 at 9:21 PM
To: Danielle Leonard <dleonard@altshulerberzon.com>
Cc: Brad Rosenberg <Brad.Rosenberg@usdoj.gov>, Robert Bombard <Robert.Bombard2@usdoj.gov>, Christopher Hall
<Christopher.Hall@usdoj.gov>, Marianne F Kies <Marianne.F.Kies@usdoj.gov>, Tsuki Hoshijima
<thoshijima@democracyforward.org>, Elle Eshleman <eeshleman@altshulerberzon.com>, Jessica Levy
<jlevy@altshulerberzon.com>, Stacey Leyton <sleyton@altshulerberzon.com>, BJ Chisholm
<bchisholm@altshulerberzon.com>, Jesse Binnall <jesse@binnall.com>, Lindsay McKasson <lindsay@binnall.com>,
Shawnay <shawnay@binnall.com>

Hello Danielle, please find attached the Emergency Motion to Quash, filed as a miscellaneous case in E.D. Va.

Regards,
Jason

On Wed, May 6, 2026 at 4:16 PM Danielle Leonard <dleonard@altshulerberzon.com> wrote:

Mr. Greaves:

The continued refusal to acknowledge the federal court orders confirming service and requiring your client to attend his deposition, and any attempt to "quash" those orders in another court are both frivolous and sanctionable actions.   Not only did you represent your client in Monday's deposition, but rather than have your client complete that Court-ordered deposition, you requested that he be excused early in light of the Court's order continuing the deposition.  You then represented your client in yesterday's hearing before Judge Illston, seeking to excuse your client.  The court refused, ordering your client to appear at the continued deposition.  You agreed he would appear.  In response to your email earlier today, we have provided you with an additional subpoena for the continued date, through counsel, in the hopes of short-circuiting your frivolous and sanctionable motion, and avoiding the further waste of any court's time and resources.  You now refuse to accept service, as counsel for the witness.  Whether you accept or not, Mr. Guy is bound to comply with the federal court's orders.

Please confirm that you have reconsidered and are not filing the motion referenced below. We have now scheduled the completion of that deposition to be conducted remotely, and for only a half day, completing the examination that we excused Mr. Guy from at your request, and questioning with respect to any additional materials to be produced by Defendants by Thursday.  If you file a motion to quash Mr. Guy's continued deposition in another court, Plaintiffs reserve the right to seek all possible remedies and sanctions.

Thanks,

Danielle

Danielle Leonard

Altshuler Berzon LLP

177 Post Street, Suite 300

San Francisco, California 94108

(415) 421-7151

Pronouns: she/her

# ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Jason Greaves <jason@binnall.com>
**Sent:** Wednesday, May 6, 2026 12:44 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>
**Cc:** Brad Rosenberg <Brad.Rosenberg@usdoj.gov>; Robert Bombard <Robert.Bombard2@usdoj.gov>; Christopher Hall <Christopher.Hall@usdoj.gov>; Marianne F Kies <Marianne.F.Kies@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>
**Subject:** Re: AFGE v Trump: Friday's continued deposition

Danielle,

I am not authorized to accept service of this subpoena.

Regards,

Jason

On Wed, May 6, 2026 at 3:04 PM Danielle Leonard <dleonard@altshulerberzon.com> wrote:

> Counsel-
>
> We have received your message.  Plaintiffs oppose the motion you describe below, which is frivolous and moot.  Attached are both the Court's order requiring your client's appearance on Friday and an additional Rule 45 subpoena for the date and time ordered by the Court for the continued deposition of your client.  As his current counsel, we have now served Mr. Guy yet again through you, in addition to the service that was previously made through Defendants' counsel for Monday's deposition when he was employed by Defendants.
>
> Thanks,
>
> Danielle

Danielle Leonard

Altshuler Berzon LLP

177 Post Street, Suite 300

San Francisco, California 94108

(415) 421-7151

Pronouns: she/her

## ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Jason Greaves <jason@binnall.com>
**Sent:** Wednesday, May 6, 2026 11:40 AM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>
**Cc:** Brad Rosenberg <Brad.Rosenberg@usdoj.gov>; Robert Bombard <Robert.Bombard2@usdoj.gov>; Christopher Hall <Christopher.Hall@usdoj.gov>; Marianne F Kies <Marianne.F.Kies@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>
**Subject:** Re: AFGE v Trump: Friday's continued deposition

Hi Danielle,

Thank you for the update. Also, I just tried calling your office, but they said you were unavailable. I was reaching out to let you know that I intend to file an emergency motion to quash service of the subpoena on Mr. Guy today in (most likely) the D.D.C. The basis for this is the failure of any personal service on him, the fact that DOJ explicitly disclaimed any authority to accept service of the subpoena, the fact that Mr. Guy never gave DOJ authority to accept service of a subpoena on his behalf, and the fact that Rule 5(b)(1) applies to represented parties which Mr. Guy was not and never was. I will assume that you oppose this motion, but given the short time window I just wanted to make sure you had notice and that I would be seeking immediate relief from the court. Please feel free to call my cell phone, 703-310-8287, if you would like to discuss this.

Best,

**Jason Greaves**
**Partner** | Binnall Law Group
717 King Street | Suite 200 | Alexandria, VA 22314
(571) 467-0003 (direct)
(703) 888-1943 (office)
jason@binnall.com

This electronic message transmission contains information from the Binnall Law Group, PLLC that may be confidential or privileged.  The information is intended solely for the recipient and use by any other party is not authorized.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at (703) 888-1943 or by replying to this e-mail.  Thank you.

On Wed, May 6, 2026 at 1:03 PM Danielle Leonard <dleonard@altshulerberzon.com> wrote:

> Counsel- we are writing to give you notice that  in light of the timing of the further production and other logistics, we intend to continue the deposition Friday remotely rather than requiring Mr. Guy and counsel appear in person. We are making arrangements through the court reporting service, which will set up the remote deposition and provide you the logistical information (presumably today). Please let us know if you have any questions.
> If any counsel other than those on this email intend to appear please let us know so that the service can provide the appropriate links.
> Danielle

**9 attachments**

**001 - Emergency Motion to Quash.pdf**
136K

**001-2 - Decl of Joe Guy.pdf**
133K

**001-5 - Exhibit 3.pdf**
152K

**001-4 - Exhibit 2.pdf**
168K

**001-1 - Cover Sheet.pdf**
401K

**001-6 - Exhibit 4.pdf**
109K

**001-7 - Exhibit 5.pdf**
257K

**001-3 - Exhibit 1.pdf**
612K

**001-8 - Exhibit 6.pdf**
984K